

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# USA v. David McCleave

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3523

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. David McCleave" (2009). *2009 Decisions.* Paper 1128.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1128

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3523

UNITED STATES OF AMERICA

v.

DAVID McCLEAVE
a/k/a Boochie,

APPELLANT

On Appeal from the United States District Court
for the District Court of New Jersey
District Court No. 2-07-cr-01009-001
District Judge: The Honorable Jose L. Linares

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 23, 2009

Before: BARRY, SMITH, *Circuit Judges*
and RESTANI, *Judge**

(Filed: June 25, 2009)

OPINION

SMITH, *Circuit Judge.*

---

*The Honorable Jane A. Restani, Chief Judge for the United States Court of
International Trade, sitting by designation.

1

Appellant David McCleave challenges the reasonableness of his term of imprisonment. McCleave sold 3.7 grams of heroin in April 2007. He pleaded guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Though the base offense level for the charge was twelve, McCleave had several prior drug distribution convictions that warranted a career offender enhancement that increased the offense level to thirty-two. With a three point adjustment for acceptance of responsibility, his total offense level was twenty-nine. Because of his status as a career offender, McCleave's criminal history category was Category VI. The Sentencing Guideline range for individuals with this offense level and criminal history category is 151 to 188 months of imprisonment. On August 13, 2008, the District Court sentenced McCleave to a 151-month term of imprisonment.

This Court reviews a district court's sentence first for procedural reasonableness, then for substantive reasonableness.[1] *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). In doing so, we apply the "abuse of discretion" standard. *United States v. Wise*, 515 F.3d 207, 217–18 (3d Cir. 2008). "[A] district court will be held to have abused its discretion if its decision was based on a clearly erroneous factual conclusion or an erroneous legal conclusion." *Id*. at 217. Before this Court, McCleave does not claim any error in the calculation of that range. This weighs in favor of his sentence's

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction under 18 U.S.C. § 3742(a).

procedural and substantive reasonableness. *See Gall v. United States*, 128 S. Ct. 586, 591 (2007) ("[W]hen a district judge's discretionary decision in a particular case accords with the sentence the United States Sentencing Commission deems appropriate 'in the mine run of cases,' the court of appeals may presume that the sentence is reasonable.").

Nevertheless, McCleave argues that his term of imprisonment was unreasonable because the District Court imposed a sentence "based, in essence, upon" the Sentencing Guideline range without meaningful and "particularized consideration of the mitigating 18 U.S.C. § 3553(a) factors." Prior to his sentencing, McCleave argued that a number of factors supported a below-guidelines sentence. He argued that: (1) the career offender classification resulted in a ten-fold increase in his sentencing range; (2) the nonviolent nature of the offense, as well as the small quantity of drugs, justified a downward variance; (3) his lack of education and experience contributed to his involvement in the drug trade beginning at age twenty; (4) he suffered from drug addiction; and (5) he had a supportive family, including a wife and children who relied on him.

In *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), this Court stated that "a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit.'" *Id.* at 329 (citation omitted). Nonetheless, the "court need not discuss every argument made by a litigant," nor must it "discuss and make findings as to each of the § 3553(a) factors." *Id.* Applying a deferential standard of review, this Court instead looks to whether the § 3553(a) factors "were reasonably applied to the circumstances of the case" and whether

3

"the district judge imposed the sentence . . . for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Id.*

In this case, the District Court more than adequately considered the issues raised by McCleave. The record reflects that the District Court acknowledged receiving letters from McCleave's family, indicated that it had underlined areas of particular interest to the Court, and stated that it would take the letters into consideration. It demonstrated awareness of McCleave's personal circumstances, reciting the fact that he had a wife and four children, had not completed high school, and had a history of drug abuse. After McCleave's counsel asked the Court "under the circumstances of this case, . . . to ignore the career offender status and do something else because this client is different," the Court asked counsel to elaborate on how McCleave was different. McCleave's counsel then discussed in more depth McCleave's lack of education and experience when he became involved in the drug trade, that he was not a substantial player in the local drug trade, his need for drug rehabilitation, and the hardship of his incarceration on his family. At various points, the Court interjected and asked for more information or clarification.

After hearing from the Government and McCleave, who expressed remorse for his crime, the District Court stated that McCleave's statement was important and that it was "moved by the support that the family has given Mr. McCleave." The Court then discussed, however, the impact of drugs on children and communities. It also discussed McCleave's extensive criminal history, including an arrest while awaiting sentencing on the present offense. In the Court's view, this demonstrated that McCleave was not truly

4

remorseful, as he had not taken steps to lead a different lifestyle, and warranted a sentence of 188 months. Nonetheless, after acknowledging the advisory nature of the Sentencing Guidelines, the Court stated that the range was reasonable in this case. It then opted for the 151-month sentence on the lower end of the range, which it believed best balanced the seriousness of the crime and respect for the law with McCleave's family support, his age, and the other factors discussed by McCleave and his counsel.

The District Court's extensive dialogue with McCleave and his counsel demonstrates its awareness of McCleave's personal circumstances. The Court considered each of the issues raised by McCleave and factored them into the term of imprisonment. As a result, the District Court's imposition of a 151 month term of imprisonment was not procedurally unreasonable.

Nor was McCleave's term of imprisonment substantively unreasonable. "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). As discussed above, the District Court carefully considered the § 3553(a) factors and balanced those against the seriousness of the offense and the need to promote respect for the law. It concluded that a term of imprisonment at the bottom of the guideline range was reasonable and appropriate, and we agree.

For the reasons stated above, we will affirm the District Court's decision.